# EXHIBIT A

February 28, 2018 email exchange between counsel

## Magnus, Eric R. (Atlanta)

| | |
|---|---|
| **From:** | Brad Valentine <brad@johnsonmarlowe.com> |
| **Sent:** | Wednesday, February 28, 2018 7:28 PM |
| **To:** | Magnus, Eric R. (Atlanta) |
| **Cc:** | Dustin Marlowe; Patrick Schwedler; Carly Knight; Jerry Buchanan; Kohler, Dion Y. (Atlanta); Robert R. Lomax; Haider, Dania L. (Atlanta) |
| **Subject:** | Re: Sizemore, et al. v. Grayhawk Homes, Inc. and David Erickson |

Thank you for your response, but we will file the motion tomorrow without noting your consent. We do not agree to your precondition.

We are well aware of what the law requires. As you will recall, you and I discussed this very issue last Wednesday after Randy's deposition. Frankly, it's hard for me to square what I just read with what I heard then, but we will all have the opportunity to fully explore these issues moving forward. As my side has previously expressed, we will not litigate this case by letter or email.

Once the filings are processed, I hope that we can talk and get the litigation back on track.

**Brad Valentine** | Johnson Marlowe LLP | 355B Oconee St. | Athens, GA 30601 | Direct (706) 521 -0559 | brad@johnsonmarlowe.com | LinkedIn Profile

**From:** "Magnus, Eric R. (Atlanta)" <MagnusE@jacksonlewis.com>
**Date:** Wednesday, February 28, 2018 at 4:40 PM
**To:** Brad Valentine <brad@johnsonmarlowe.com>
**Cc:** Dustin Marlowe <dustin@johnsonmarlowe.com>, Patrick Schwedler <patrick@johnsonmarlowe.com>, Carly Knight <carly@johnsonmarlowe.com>, Jerry Buchanan <jab@buchananland.com>, "Kohler, Dion Y. (Atlanta)" <KohlerD@jacksonlewis.com>, "Robert R. Lomax" <rlomax@thelomaxfirm.com>, "Haider, Dania L. (Atlanta)" <Dania.Haider@Jacksonlewis.com>, "Magnus, Eric R. (Atlanta)" <MagnusE@jacksonlewis.com>
**Subject:** RE: Sizemore, et al. v. Grayhawk Homes, Inc. and David Erickson

Brad,

I was just about to write you. We have consulted with our client regarding our call yesterday. Grayhawk will not agree to voluntarily dismiss its non-compete action against Mr. Rodgers. Having said that, Grayhawk has no procedural opposition to Plaintiffs' proposed amendment to the existing complaint to add a retaliation claim on behalf of Mr. Rodgers. Therefore, Plaintiffs have Grayhawk's consent to file the Motion to Amend the Complaint without opposition as long as we have the opportunity to review it first. Grayhawk of course reserves all defenses to such a claim, including that such a claim fails to state a claim for which relief can be granted in light of the applicable standard in the Eleventh Circuit and under Supreme Court precedent and to seek all available remedies for your pursuing such an action including attorneys' fees and costs.

As you know, in order to prove the retaliation claim, Mr. Rodgers will have to show that Grayhawk filed the non-compete action with a retaliatory motive and that the non-compete case lacked a reasonable basis in fact or law. *See, e.g. Smith v. Miami Dade Cty.*, 621 Fed. Appx. 955 (11th Cir. 2015); *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 748-49, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983). Grayhawk clearly has a reasonable basis for filing the action based on its own information, but if for no other reason based on Mr. Rodgers' refusal to answer questions about the nature of his job duties in his current employment. This case law also stands for the proposition that Grayhawk has a First Amendment right to seek redress in the courts regardless of motivation as long as there is a reasonable basis for doing

1

so. Therefore, we would encourage Plaintiffs not to pursue such claims given the extraordinarily high burden of proof you would face.

Regards,

Eric


**Eric Magnus**

Attorney at Law

**Jackson Lewis P.C.**

1155 Peachtree Street N.E.
Suite 1000
Atlanta, GA 30309

Direct: (404) 586-1820 | Main: (404) 525-8200

MagnusE@jacksonlewis.com | www.jacksonlewis.com

*Jackson Lewis P.C. is included in the AmLaw 100 law firm ranking and is a proud member of the CEO Action for Diversity and Inclusion initiative*

**From:** Brad Valentine [mailto:brad@johnsonmarlowe.com]
**Sent:** Wednesday, February 28, 2018 4:32 PM
**To:** Magnus, Eric R. (Atlanta) <MagnusE@jacksonlewis.com>
**Cc:** Dustin Marlowe <dustin@johnsonmarlowe.com>; Patrick Schwedler <patrick@johnsonmarlowe.com>; Carly Knight <carly@johnsonmarlowe.com>; Jerry Buchanan <jab@buchananland.com>; Kohler, Dion Y. (Atlanta) <KohlerD@jacksonlewis.com>; Robert R. Lomax <rlomax@thelomaxfirm.com>; Haider, Dania L. (Atlanta) <Dania.Haider@Jacksonlewis.com>
**Subject:** Sizemore, et al. v. Grayhawk Homes, Inc. and David Erickson

Eric:

Pursuant to Paragraph 9 of the scheduling order, please let us know whether Defendants consent to a modification of the scheduling order to allow for Plaintiffs to file an Amended Complaint to assert an FLSA retaliation claim. If we do not hear back from you by tomorrow at noon, then we will assume that your clients do not consent and will file the appropriate motion with the Court.

**Brad Valentine** | Johnson Marlowe LLP | 355B Oconee St. | Athens, GA 30601 | Direct (706) 521-0559 | brad@johnsonmarlowe.com | LinkedIn Profile

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

2