IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL CAMERON :
SIZEMORE, *et al.*, :
 :
    Plaintiffs, :
 :
v. : CASE NO.: 4:17-CV-161 (LJA)
 :
GRAYHAWK HOMES INC, *et al.*, :
 :
    Defendants. :
 :

## ORDER

Before the Court are Plaintiffs' Complaint, Doc. 1, Plaintiffs' Motion for Conditional Certification of Collective Action and Issuance of Court-Approved Notice, Doc. 13, and Defendants' Motion for Leave to File Excess Pages for Defendants' Response. Doc. 17. For the reasons set forth below, Plaintiffs' Motion, Doc. 13, and Defendants' Motion, Doc. 17, are **GRANTED**.

## BACKGROUND

Defendants Grayhawk Homes Inc. and David Erickson are residential homebuilders. Doc. 1 at 1. Erickson is Grayhawk's CEO. *Id.* Prior to this action, Plaintiffs worked for Grayhawk and Erickson as construction superintendents or assistant superintendents. *Id.* On August 3, 2017, Plaintiffs filed a Complaint on behalf of themselves and all other similarly-situated individuals against Defendants for alleged violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq*. Doc. 1 at 1. Specifically, Plaintiffs alleged that, during the past three years, Plaintiffs and those similarly situated: (1) had the position of construction superintendent or assistant superintendent while employed by Defendants; (2) worked in that capacity at Defendants' insistence, request, or allowance for more than forty hours per week; (3) were misclassified as exempt under the FLSA; and (4) were not paid time-and-a-half for hours worked above forty hours per week in violation of the overtime compensation provision of the FLSA. *Id.* at 2, 8; *see* 29 U.S.C. § 207.

On November 22, 2017, Plaintiffs filed their Motion for Conditional Certification of Collective Action and Issuance of Court-Approved Notice. Doc. 13. Defendants timely filed a Response, and Plaintiffs timely filed a Reply. Docs. 18 & 23. Plaintiffs' Motion is now ripe for review. M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

The FLSA's Overtime Provision "requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week." *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1296 (11th Cir. 2003); *see* 29 U.S.C. § 207(a)(1). "Employers who violate these provisions of the FLSA are 'liable to the employee or employees affected in the amount of their unpaid overtime compensation and in an additional equal amount as liquidated damages.' 29 U.S.C. § 216(b)." *Id.* (punctuation omitted). "An [opt-in] FLSA action for overtime pay can be maintained by 'one or more employees for and in behalf of himself or themselves and other employees similarly situated.' 29 U.S.C. § 216(b)." *Id.* "Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Id.* at 1297.

"The Eleventh Circuit applies a two-stage process to FLSA collective action. The first stage in determining whether a collective action should be certified is the notice stage (also referred to as the conditional certification stage) at which time the court determines whether other similarly situated employees should be notified." *Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1050 (N.D. Ga. 2016) (citations omitted) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008)). "The second stage of the certification process is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial." *Id.*

"[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). "A plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260. "[A]t the initial stage, courts apply a fairly lenient standard for determining whether the plaintiffs are truly similarly situated."

*Anderson*, 488 F.3d at 953 (punctuation omitted). Thus, "[b]efore granting conditional certification, the court should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action." *Jackson*, 181 F. Supp. 3d at 1052.

# DISCUSSION

## I. Similarly Situated Employees

The first question is whether the potential opt-in plaintiffs are similarly situated "with respect to their job requirements and pay provisions." *Jackson*, 181 F. Supp. 3d at 1052. Plaintiffs have made the requisite showing at this stage. Plaintiff proposes a relatively narrow class, consisting of two types of employees—construction superintendents and assistant superintendents, who: (1) are all allegedly misclassified as exempt and were not paid time-and-a-half for hours worked above forty hours per week; (2) worked for Defendants within a certain window of time; and (3) all have similar job duties and manual labor duties alleged to be outside of their roles as exempt employees. *See* Docs. 1; 13-2 at 11-13; 13-3 to 13-9. Plaintiffs have supported the existence of the class with the declarations of the six named Plaintiffs, *see* Docs. 1; 13-3 to 13-9, and Defendants have admitted that they did not pay superintendents time-and-a-half for hours worked above forty hours per week. *See* Doc. 18 at 2, 6. This is enough to satisfy this prong of the conditional certification analysis.

Defendants object to the certification of the class, arguing primarily that the positions that the named and unnamed Plaintiffs held—construction superintendents and assistant superintendents—were exempt positions under the FLSA. *See* Doc. 18 at 6-23. These arguments go to the merits of Plaintiffs' FLSA claims, not to whether the potential plaintiffs are similarly situated.

## II. Interested Employees

There is no bright-line rule for how many non-named employees need to express interest, but "[e]xamples of cases where a small number of opt-in plaintiffs satisfied the threshold of interest required for a collective action are numerous." *Kubiak v. S.W. Cowboy, Inc.*, 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014). In the instant action, there are six

3

named Plaintiffs, and Plaintiffs have submitted evidence that at least one non-named employee desires to join the suit. Docs. 1 at 1; 13-3 at 2. Thus, a reasonable basis exists to believe that there are other non-named employees that desire to opt-in to this action. Accordingly, the threshold burden of demonstrating actual interest in the present action is met.

### III. Contact Information, Notice, and Scheduling

In light of the FLSA's broad remedial purpose, courts may authorize notice to potential § 216(b) class members and "establish the specific procedures to be followed with respect to such possible 'opting-in.'" *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1568 (11th Cir. 1991). Courts may also require defendants in an FLSA collective action to produce potential § 216(b) class members' contact information. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Here, Plaintiffs move for an order requiring: (1) Defendants to produce a list "of all persons who worked for Defendants as a superintendent or assistant superintendent at any time since August 3, 2014, including their names, mailing addresses, email addresses (to the extent known), dates of employment, and dates of birth;" (2) "the issuance of Plaintiffs' proposed notice, . . . to be mailed to all potential opt-in plaintiffs who worked for Defendants at any time since August 3, 2014 as a superintendent or assistant superintendent;" and (3) that "putative class members [have] 60 days from the date notice is sent to file a consent form to participate in this action." Doc. 13 at 1-2. Plaintiffs have attached a proposed notice and opt-in form to their Motion and request the Court's approval of same. Doc. 13-1 at 1-7.

Upon careful review of the proposed notice and consent-to-join form, as well as Defendants' objections concerning the impropriety of both, the Court authorizes Plaintiff to distribute the proposed initial notice and opt-in form to potential class members.

# CONCLUSION

Plaintiffs' Motion, Doc. 13, and Defendants' Motion, Doc. 17, are **GRANTED**. Accordingly:

   a. The Court **CONDITIONALLY CERTIFIES** a 29 U.S.C. § 216(b) class of plaintiffs who: (1) are or where employed by Grayhawk Homes, Inc. who worked as construction superintendents or assistant superintendents at any time since August 3, 2014;[1] and (2) who were not paid overtime for work hours over 40 in a work week at the rate of one and one-half times their regular rate of pay;

   b. The Court **APPOINTS** Plaintiffs Michael Cameron Sizemore, James Ellis Burditt, Jr., Marc Eugene Hoefert, James Samuel Mitchell, Randy Carl Rogers, and Aaron Matthew Sovern as class representatives;

   c. The Court **DIRECTS** Defendants to disclose to Plaintiff, within fifteen days of this Order, the names, last known addresses, email addresses (to the extent known); dates of birth; and job titles of all potential class members employed by Defendants since August 3, 2014, in electronic, importable, and searchable format;

   d. The Court **APPROVES** Plaintiff's proposed Notice and Opt-in form attached to Plaintiff's Motion. *See* Doc. 13-1 at 1-7. The Notice shall be sent via mail, and potential class members will have sixty (60) days from the date the notice is sent to respond; and

   e. The Court **APPROVES** a second Notice of the lawsuit to be sent to those potential class members whose notices are returned as undeliverable. The second Notice must be sent within three (3) days of the return of the first Notice. The potential class member will have an additional sixty (60) days from the date the second Notice is sent to respond.

---

[1] Because Plaintiffs have alleged a willful FLSA violation, the statute of limitations is presumptively three years rather than two years. 29 U.S.C. § 255(a). Defendants are not precluded from challenging the three-year limitations period at an appropriate time in the proceedings.

**SO ORDERED**, this 27th day of April, 2018.

                                                  /s/ Leslie J. Abrams
                                          **LESLIE J. ABRAMS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**